# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Kashawn Isaiah ALEXANDER.<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:19 MJ 32<br>)<br>)<br>)<br>) |

**FILED FEB 14 2019 CLERK, U.S. DISTRICT COURT RICHMOND, VA**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 21, 2018__ in the county of __City of Petersburg__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 922(g)(1) | Possession of a firearm by a convicted felon |

This criminal complaint is based on these facts:
See Attached

☑ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:
Angela Mastandrea-Miller, AUSA

_____
*Complainant's signature*

Reginald Ferguson Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __February 14, 2019__

/S/
David J. Novak
United States Magistrate Judge
*Judge's signature*

City and state: __Richmond, Virginia__

*Printed name and title*



## **AFFIDAVIT**

Your affiant, Reginald Ferguson, having been duly sworn, deposes and states that the information contained herein is true and accurate to the best of your affiant's knowledge.

1. I, Reginald Ferguson, am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since November 2017. I am a graduate of the Crater Criminal Justice Academy. I am a duly sworn Task Force Officer who is authorized to carry firearms, execute warrants and make arrests for offenses against the Unites States and to perform such other duties as authorized by law.

2. Prior to becoming a Task Force Officer with the ATF, I was assigned to a Special Investigation Unit (SIU) with the Petersburg Bureau of Police (PBP) where I investigated criminal offenses involving shootings, stabbings, rapes, narcotics trafficking and fugitive recovery. In addition, I was assigned within the Bureau to the United States Marshal Capital Area Regional Task Force (CARFTF). In that capacity, I participated in several investigations involving wanted subjects who were apprehended and later convicted in state court.

3. I have participated in the preparation of federal arrest warrants for criminal offenses involving the illegal possession of firearms. I am familiar with the methods drug traffickers and illegal firearms traffickers use to conduct their illegal activities, to include their communications methods, use of vehicles, text messaging and narcotics transactions. I received training in narcotics identification, detection, and trafficking, and have participated in multiple narcotics distribution interdiction assignments with state and local law enforcement jurisdictions.

4. During my employment with the Petersburg Bureau of Police, I testified in court as a fact witness involving illegal firearms possession and narcotics possession in the City of Petersburg General District Court and City of Petersburg Circuit Court. During my employment with PBP, I have been involved in the arrests of over 50 individuals for drug related crimes, including narcotics distribution and possession with intent to distribute and simple possession of illegal narcotics.

5. The information in this affidavit is the result of a joint investigation involving the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Petersburg Bureau of Police. All information contained in this affidavit is based upon your affiant's personal knowledge and/or the investigation and observations of other officers and agents involved in this investigation.

6. I present this affidavit in support of a criminal complaint charging KASHAWN ALEXANDER (hereafter, ALEXANDER), with Possession of a Firearm and ammunition by a Convicted Felon in violation of Title 18 U.S.C. § 922(g)(1).

7. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant for ALEXANDER, it is not intended to include each and every fact and matter observed or known to the government. I have set forth only those facts necessary to show that there is probable cause to support the charge set forth in paragraph 6 above.

8. On November 21, 2018, Sgt. Boland with the Petersburg Bureau of Police observed a black Honda bearing Virginia registration- UVY-2014, turn left from High Pearl Street onto North Carolina Avenue, Petersburg, Virginia without using a turn signal. The vehicle continued traveling down North Carolina Avenue toward Diamond Street. The vehicle then disregarded the stop sign, made a left turn, and traveled toward St. Mark Street.

9. The Honda then stopped in front of 55 St. Mark Street. Sgt. Boland observed ALEXANDER in the front passenger seat of the vehicle. Sgt. Boland recognized ALEXANDER, and was aware that ALEXANDER had an active arrest warrant for Possession of a Firearm by a Convicted Felon, Grand Larceny of a Firearm, and Discharging a firearm in City Limits. Det. Dean, who was called as backup by Sgt. Boland, was also aware of ALEXANDER's active warrants.

10. As ALEXANDER exited the vehicle, Sgt. Boland stood in the door jam and ordered ALEXANDER to turn around and place his hands behind his back. While Sgt. Boland was attempting to take ALEXANDER into custody, ALEXANDER broke free and attempted to flee, but was stopped by Sgt. Boland. While on the ground, Det. Dean ordered ALEXANDER to place his hands behind his back. ALEXANDER resisted arrest by grabbing Det. Dean's arm while saying, "I didn't do anything." Sgt. Boland and Det. Dean continued to struggle with ALEXANDER. At one point ALEXANDER attempted to reach into his coat pocket. Det. Dean then used a Taser to stop ALEXANDER from resisting arrest.

11. Once the detectives had ALEXANDER in custody, they conducted a search incident to his arrest, and recovered a loaded Arminius .30 SPL revolver bearing serial number 0081283 from ALEXANDER's coat pocket.

12. I have obtained a certified copy of ALEXANDER's felony conviction which revealed that prior to November 21, 2018 ALEXANDER had been convicted of the following felony:

> Felony Possession of Cocaine, March 29, 2018, Petersburg Circuit Court before the Honorable Joseph M. Teefey, Jr.

13. Your affiant has determined that the above-described firearm is a firearm within the meaning of the law, as defined by Title 18, U.S.C. Section 921(a)(3). In addition, according to ATF SA Ken Mosley, who has been qualified as an interstate nexus expert, the firearm described herein was manufactured outside of the Commonwealth of Virginia and as such traveled in interstate or foreign commerce.

14. Based on the above information, your affiant believes that there is probable cause to arrest KASHAWN ALEXANDER for violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

15. All aspects of the events that are described herein occurred in the Eastern District of Virginia and within the jurisdiction of this Court.

Respectfully submitted

_____
Reginald Ferguson
Task Force Officer
Bureau of Alcohol, Tobacco and Firearms

Reviewed and Approved: AUSA Angela Mastandrea-Miller

Subscribed and sworn to before me
February 14, 2019

/S/
David J. Novak
United States Magistrate Judge

3